UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARIA K.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

**DECISION AND ORDER**

1:24-CV-00911 EAW

## <u>INTRODUCTION</u>

Represented by counsel, Plaintiff Maria K. ("Plaintiff") brings this action pursuant to Title II and Title XVI of the Social Security Act ("Act"), seeking review of the final determination of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").  (Dkt. 1).  This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  (*See id.*).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 14; Dkt. 17), as well as Plaintiff's reply (Dkt. 18).  For the reasons discussed below, Plaintiff's motion for judgment on the pleadings (Dkt. 14) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 17) is denied.

- 1 -

## BACKGROUND

On November 5, 2020, Plaintiff filed applications for DIB and SSI.  (*See* Dkt. 5 at 296-311).[1]  Plaintiff alleged that she was disabled because of depression, obesity, a right knee injury, a left knee injury, and ulcers caused by gastroesophageal reflux disease ("GERD"), with a disability onset date of October 1, 2020.  (*See id.* at 321).  The Social Security Administration ("SSA") initially denied Plaintiff's application, as well as upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ").  (*See id.* at 79-202).  Following a hearing on September 5, 2023, ALJ William Weir issued an unfavorable decision on November 14, 2023.  (*See id.* at 21-70).  Plaintiff requested Appeals Council review, which was denied on July 31, 2024.  (*See id.* at 8-20).  Plaintiff then filed the present action on September 27, 2024.  (Dkt. 1).

## LEGAL STANDARDS

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation modified).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by "substantial evidence."  *See* 42 U.S.C. § 405(g).  "'Substantial evidence' is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Talavera*, 697 F.3d

---

[1]    Page numbers in docket citations refer to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

at 151 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citation modified).  However, "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citation modified).

## II.    Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  *Id.*  But if the claimant does have at least one severe impairment, the ALJ continues to step three.  *Id.*

At step three, the ALJ examines whether a claimant's severe impairment meets or medically equals the criteria of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  *Id.* §§ 404.1520(d), 416.920(d).  If the severe impairment meets or medically equals the criteria of a listed impairment and has lasted, or is expected to last,

for a continuous period of at least 12 months, then the claimant is disabled. *Id.* If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "'A regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* But if he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant, in light of his or her age, education, and work experience, "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (citation modified); *see* 20 C.F.R. §§ 404.1560(c), 416.960(c).

## DISCUSSION

## I.    The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a). (*See* Dkt. 5 at 24-34). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 1, 2020. (*See id.* at 26). At step two, the ALJ found that

Plaintiff suffered from two severe impairments: lumbar stenosis and osteoarthritis of both knees. (*See id.*). The ALJ also found that Plaintiff's glaucoma, heel spurs, left shoulder pain, ankle pain, bipolar disorder, depressive disorder, and generalized anxiety disorder were non-severe impairments. (*See id.* at 27). Further, the ALJ considered the impact of Plaintiff's bipolar disorder, depressive disorder, and generalized anxiety disorder on her mental work-related functioning and found that she was: (1) not impaired in understanding, remembering, or applying information; (2) mildly impaired in interacting with others; (3) mildly impaired in concentrating, persisting, or maintaining pace; and (4) mildly impaired in adapting or managing herself. (*See id.* at 27-28).

At step three, the ALJ found that Plaintiff's severe and non-severe impairments did not meet or medically equal one of the Listings. (*See id.* at 29). In particular, the ALJ considered Listings 1.15, 1.16, and 1.18. (*See id.*). Then, before proceeding to step four, the ALJ concluded that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff:

> Can stand, walk, and sit for six hours in an eight-hour workday; she can frequently climb ramps and stairs but no ladders, ropes or scaffolds; [and] she can frequently balance, kneel, crouch and crawl.

(*See id.* at 29-30 (citation modified)).

At step four, the ALJ found that Plaintiff, given her age, education, work experience, and RFC, could perform past relevant work as a food salesclerk or a fast-food worker. (*See id.* at 32). Accordingly, the ALJ determined that Plaintiff was not disabled as defined by the Act between October 1, 2020, and November 14, 2023. (*See id.* at 34).

## II.    <u>Remand for Further Administrative Proceedings is Required</u>

Plaintiff asks the Court to remand this matter to the Commissioner for further administrative proceedings, arguing that the ALJ erred in two ways.  (*See* Dkt. 14-1 at 12-22).  First, Plaintiff argues that the ALJ failed to properly evaluate her mental health impairments at step two and in making the RFC determination.  (*See id.* at 12-17).  And second, Plaintiff argues that the ALJ improperly relied on stale and incomplete opinions, as well as his own lay opinion, in making the RFC determination.  (*See id.* at 17-22).  For the reasons discussed below, the Court agrees with Plaintiff that the ALJ's RFC determination was supported by stale opinion evidence.

### A.    **Stale Opinion Evidence**

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  A claimant's RFC need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *Matta*, 508 F. App'x at 56, and remand for further administrative proceedings is unnecessary as long as the ALJ's analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence," *see Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).

However, "an ALJ should not rely on 'stale' opinions—that is, opinions rendered before some significant development in the claimant's medical history . . . , and medical source opinions that are stale and based on an incomplete medical record may not be

substantial evidence to support an ALJ's finding." *Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 367 (W.D.N.Y. 2021) (citation modified). "While a medical opinion may be stale if it does not account for the claimant's deteriorating condition, it is not necessarily stale based on its age." *Id.* (citation modified). And "in considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to the medical opinion as evidence of the claimant's deteriorating condition." *Id.* (citation modified); *Rosario R. v. Bisignano*, No. 3:24-CV-1445 (VDO), 2025 WL 2300764, at *4 (D. Conn. Aug. 9, 2025) ("For instance, a medical opinion that does not account for a claimant's deteriorating condition may be stale, just as a medical opinion issued before a claimant undergoes surgery may be stale."). "'However, subsequent surgeries and new diagnos[es] do not, alone, render opinions stale,' rather, plaintiff must also 'show that his physical condition deteriorated after the medical opinions were provided.'" *Anthony F. v. Comm'r of Soc. Sec.*, No. 23-CV-00033-FPG, 2023 WL 7294874, at *4 (W.D.N.Y. Nov. 6, 2023) (quoting *Christopher C. v. Comm'r of Soc. Sec.*, 20-cv-01774, 2022 WL 16797970, at *4 (W.D.N.Y. Nov. 8, 2022)); *Anthony N. v. Dudek*, No. 22-CV-370F, 2025 WL 559208, at *7 (W.D.N.Y. Feb. 20, 2025) ("Nevertheless, a medical opinion is not necessarily rendered stale by subsequent treatment or surgery.").

Here, in assessing Plaintiff's physical RFC, the ALJ considered the opinions of consultative examiner John P. Schwab, D.O., state agency review physician Gregory Zito, M.D., and state agency review physician D. Brauer, M.D. (*See* Dkt. 5 at 32). Following a physical examination on June 4, 2022, Dr. Schwab opined that Plaintiff had no physical functional restrictions. (*See* Dkt. 6 at 187). And on June 17, 2021, and June 15, 2022,

respectively, Dr. Brauer and Dr. Zito opined that Plaintiff's physical limitations were consistent with the ability to perform light work, with some additional restrictions. (*See* Dkt. 5 at 90-94, 111-15, 133-39, 157-61). Those three opinions, however, predated Plaintiff's total left knee replacement on August 25, 2023. (*See* Dkt. 11 at 198-99).

In the decision, the ALJ noted that Plaintiff's orthopedic surgeon conducted updated diagnostic testing in 2023 which reflected severe osteoarthritis and led to her total left knee replacement surgery. (Dkt. 5 at 32 ("In 2023 the claimant consulted orthopedic Dr. Kuechle who ordered updated diagnostic studies which revealed severe osteoarthritis. . . . Subsequently Dr. Kuechle recommended a total knee replacement which took place on August 25, 2023.")). But he did not address whether or how the updated diagnostic testing and total left knee replacement surgery impacted his assessment of the medical opinions which predated the surgical intervention or provide any discussion of the effect that the knee replacement had on Plaintiff's limitations. Because the ALJ did not address the apparent deterioration of Plaintiff's condition after the issuance of the medical opinion evidence of record, the Court is unable to conclude that the opinions were not stale by the time the ALJ made his written determination. *See, e.g.*, *Omayra V. v. Comm'r of Soc. Sec.*, No. 3:23-CV-1455 (SVN), 2025 WL 484495, at *6 (D. Conn. Feb. 13, 2025) ("Because Dr. Zhang failed to review these records indicating that Plaintiff's degenerative spinal condition was getting worse and recommending activity modifications when he drafted his medical opinion and RFC recommendation, his opinion was stale."); *Joseph M. v. Comm'r of Soc. Sec.*, No. 23-CV-0369-LJV, 2024 WL 5247704, at *5 (W.D.N.Y. Dec. 30, 2024) ("In sum, the objective medical evidence, including the surgeries and post-surgical

evaluations, demonstrate that Joseph's knee and shoulder were injured significantly after Dr. Mawn rendered his opinions.  And that alone made Dr. Mawn's evaluations stale for the period after the accident through the date last insured."); *Pagano v. Comm'r of Soc. Sec.*, No. 16-CV-6537-FPG, 2017 WL 4276653, at *5 (W.D.N.Y. Sept. 27, 2017) ("As the ALJ pointed out himself, Dr. Miller's opinion was rendered before Pagano's ankle surgery and therefore does not account for his deteriorating condition[;] [a] stale medical opinion, like one that is rendered before surgery, is not substantial evidence to support an ALJ's finding." (citation modified)); *c.f. Johnson v. Comm'r of Soc. Sec.*, No. 1:19-CV-0706 CJS, 2020 WL 5104550, at *8 (W.D.N.Y. Aug. 31, 2020) ("Here, although the consultative report at issue was written prior to Plaintiff's surgery and MVA, it was not stale because, contrary to what Plaintiff maintains, there is substantial evidence (normal clinical findings) to support the ALJ's determination that Plaintiff's condition did not worsen following the consultative exam.").

It is true that an ALJ does not necessarily need a written medical opinion to make an RFC determination that is supported by substantial evidence.  *See Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (explaining that "where . . . the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." (citation modified)).  But under such circumstances, "the ALJ's reasoning must [still] be sufficiently discernable as to allow a reviewing court to ensure that the ALJ . . . rendered [an RFC determination] supported by substantial evidence." *See Jennifer S. v. Comm'r of Soc. Sec.*, 771 F. Supp. 3d 256, 266 (W.D.N.Y. 2025) (citation

modified).  And in this case, the ALJ failed to meet that burden because he did not attempt to address the impact of Plaintiff's total left knee replacement on her physical RFC, which leaves the Court unable to conclude that substantial evidence supports his determination. *See, e.g.*, *Christina K. v. Comm'r of Soc. Sec.*, No. 20-cv-01244, 2022 WL 409576, at *5 (W.D.N.Y. Feb. 10, 2022) (reversing and remanding the Commissioner's disability determination where "the ALJ made frequent sweeping generalizations of [the] plaintiff's condition to support his findings but ignored evidence that was favorable to the plaintiff."). Remand therefore is appropriate so that the ALJ may address the impact of Plaintiff's total left knee replacement on his evaluation of the medical opinion evidence and determination of her physical RFC.

### B.    Plaintiff's Remaining Arguments

As mentioned above, Plaintiff has identified additional reasons why she contends that the ALJ's decision was not supported by substantial evidence.  (*See* Dkt. 14-1 at 12-17).  However, because the Court has already determined that remand of this matter for further administrative proceedings is necessary, the Court declines to reach those issues. *See, e.g.*, *Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020) (collecting cases).

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings (Dkt. 14) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 17) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      February 26, 2026
            Rochester, New York